IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.: 16-2019-CA-1378
DIVISION:    CV-D

TERRY CREW

    Plaintiff,

v.

INSPIRED PERSPECTIVES, LLC and
AMY B. COHEN,

    Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1.    Plaintiff, TERRY CREW, ("Plaintiff"), was an employee of Defendants, INSPIRED PERSPECTIVES, LLC and AMY B. COHEN, (together, "Defendants"), and brings this action for unpaid overtime compensation and wrongful discharge as a result of retaliation pursuant to the Fair Labor Standards Act and seeks declaratory relief and any other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b) & §215(a)(3) (the "FLSA").

2.    This is an action alleging damages in excess of $15,000, exclusive of attorneys' fees and costs.

3. Plaintiff, who was given the job title Director of Engagement, was effectively an administrative assistant for Defendants. At all material times, Plaintiff was a non-exempt employee for Defendants in Duval County, Florida. Plaintiff is a current resident of Jacksonville, Duval County, Florida.

4. Defendant, Inspired Perspectives, LLC (hereinafter, "Inspired Perspectives") is a Florida limited liability company that is principally located in, and operates and conducts its business in, Jacksonville, Duval County, Florida, and is therefore within the jurisdiction of this Court.

5. Defendant, Amy B. Cohen (hereinafter, "Cohen"), is a resident of Jacksonville, Duval County, Florida, and is therefore within the jurisdiction of this Court.

6. At all material times, Defendant Cohen was the president and owner of Defendant Inspired Perspectives and Plaintiff's employer covered by the FLSA. Defendant Cohen exercised complete control over Defendant Inspired Perspectives.

7. This action is brought under the FLSA to recover or seek from Defendants overtime compensation, compensatory damages, liquidated damages, injunctive relief and reasonable attorneys' fees and costs.

8. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §§ 1331, 1337 and 16(b) of the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. § 2201 *et seq.*

9. At all material times relevant to this action, Defendant Inspired Perspective was an enterprises covered by the FLSA, and as defined by 29 U.S.C. §§ 203(r) and 203(s).

10. At all times relevant to this action, Defendants failed to comply with 29 U.S.C. §§ 201-209 because Plaintiff performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff for those hours worked in excess of forty (40) hours within a work week. Defendants failed to pay Plaintiff for the hours he worked in excess of forty (40) hours each week during his term of employment with Defendants.

11. As a result, Plaintiff was not paid time and one-half of his regular rate of pay for all hours worked in excess of forty (40) hours per week during one or more weeks, in violation of the FLSA.

12. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

13. On or about February 13, 2019, after once again complaining to Defendants about their failure to pay overtime compensation to Plaintiff, Defendants terminated Plaintiff's employment in retaliation for his overtime compensation complaints in violation of the FLSA.

## COUNT ONE

## RECOVERY OF OVERTIME COMPENSATION PURSUANT TO THE FLSA

14. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-13 above.

15. Plaintiff was entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of forty (40) hours per work week. During his employment with Defendants, Plaintiff regularly worked overtime hours but was not paid time and one-half of his regular rate of pay for those overtime hours.

16. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff time and one-half of his regular rate of pay for each hour worked in excess of forty (40) hours per work week in one or more weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

17. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant Inspired Perspectives and Defendant Cohen for the payment of all overtime hours at one and one-half of his regular rate of pay for the hours worked by him for which Defendants did not properly compensate him, including interest thereon, liquidated damages equal to the unpaid overtime amount, compensatory damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief and any and all further relief that this Court determines to be just and appropriate.

## COUNT TWO

## UNLAWFUL RETALIATION IN VIOLATION OF THE FLSA

18.   Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-13 above.

19.   Throughout his employment with Defendants, Plaintiff made complaints about their failure to pay overtime compensation. On or about February 12, 2019, Plaintiff once again complained about Defendants' failure to pay overtime compensation with Defendant Cohen.

20.   On or about February 13, 2019, Defendants terminated Plaintiff's employment in retaliation for, and as a direct and proximate result of, Plaintiff's inquiry and complaint about overtime compensation.

21.   Title 29 U.S.C. Section 215(a)(3) prohibits retaliation against an employee because he has "filed any complaint or instituted or caused to be instituted any proceeding under or related to" the rights contained in the FLSA. Plaintiff's verbal complaints about the failure to pay overtime compensation constituted "a complaint" and was protected activity under the FLSA.

22.   As a direct, foreseeable and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer a loss of earnings, job benefits, emotional distress and other expenses.

WHEREFORE, Plaintiff demands judgment against Defendant Inspired Perspectives and Defendant Cohen for past, present and future lost wages, liquidated

damages equal to the lost wages amount, compensatory damages, reasonable attorneys', interest, fees and costs incurred in this action, declaratory relief, injunctive relief including the nullification of his non-compete agreement with Defendants, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury of all issues so triable.

Respectfully submitted,

By: _____
PAUL SHORSTEIN
Florida Bar No. 814431
Shorstein & Lasnetski
6550 St. Augustine Rd., Ste. 303
Jacksonville, Florida 32217
Telephone: (904) 642-3332
Facsimile: (904) 685-4580
E-mail: Paul@jaxtriallaw.com