UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TERRY CREW,

    Plaintiff,

v.   Case No. 3:19-cv-392-J-34JRK

INSPIRED PERSPECTIVES, LLC
and AMY B. COHEN,

    Defendants.
_____

INSPIRED PERSPECTIVES, LLC,

    Counterclaim Plaintiff,

v.

TERRY CREW,

    Counterclaim Defendant.
_____

### REPORT AND RECOMMENDATION[1]

This cause is before the Court on the Joint Motion for Approval of FLSA Settlement and Dismissal of Action with Prejudice and Incorporated Memorandum of Law (Doc. No. 14; "Motion"), filed July 9, 2019. In the Motion, the parties seek the Court's approval of their settlement agreement, and they request that this case be dismissed with prejudice. Motion at 1. The Motion is referred to the undersigned for the issuance of a report and

---

[1] "Within 14 days after being served with a copy of [a report and recommendation on a dispositive issue], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." Id. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

recommendation regarding an appropriate resolution. See Track Notice and FLSA Scheduling Order (Doc. No. 5), entered April 8, 2019, at 3; Order of Administrative Closure and Reference (Doc. No. 13), entered July 2, 2019, at 2.

On February 21, 2019, Plaintiff commenced this action in state court by filing a Complaint and Demand for Jury Trial (Doc. No. 3; "Complaint") against Defendants for overtime wage violations and wrongful discharge under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA"). See Complaint at 1; Defendants' Notice of and Petition for Removal (Doc. No. 1; "Notice of Removal") at Ex. A (Doc. No. 1-1). Defendants removed the matter to this Court on April 5, 2019. See Notice of Removal.

Plaintiff alleges in the Complaint that "[d]uring his employment with Defendants, Plaintiff regularly worked overtime hours but was not paid time and one-half of his regular rate of pay for those overtime hours." Complaint at 4 ¶ 15.[2] According to Plaintiff, "[t]hroughout his employment with Defendants, Plaintiff made complaints about their failure to pay overtime compensation." Id. at 5 ¶ 19. Plaintiff further asserts that "Defendants terminated Plaintiff's employment in retaliation for, and as a direct and proximate result of, Plaintiff's inquiry and complaint about overtime compensation." Id. ¶ 20. According to Plaintiff's Notice of Filing Answers to Court's Interrogatories (Doc. No. 9; "Answer to Court's Interrogatories"), filed April 22, 2019, Plaintiff estimates he is owed $21,342.22 in unpaid overtime wages. See Answer to Court's Interrogatories at Ex. A.

The parties have entered into a settlement agreement to resolve all of Plaintiff's claims. See Motion Ex. A (Doc. No. 14-1; "Settlement Agreement"). Under the terms of the settlement agreement, Defendants agree to pay Plaintiff a total of $9,000.00 for allegedly

---

[2] The pagination of the Complaint is not continuous. Citations to the Complaint follow the pagination assigned by the Court's electronic filing system (CM/ECF).

unpaid wages and $2,000.00 for attorney's fees and costs. Settlement Agreement at 1-2 ¶ 1.

The parties represent that "the complexity, expense, and length of future litigation of Plaintiff's FLSA claims support approval of the FLSA settlement." Motion at 5. The parties state that "Plaintiff's probability of success on the merits and the amount he would be awarded, if any, is uncertain, further demonstrating that this settlement is fair and appropriate and should be approved." Id. at 6. According to the Motion, the parties "had sufficient information and conducted an adequate investigation to allow them to make an educated and informed analysis and conclusion in agreeing upon the proposed settlement." Id. The parties also represent that the attorney's fees were "agreed upon separately and without regard to the amount paid to" Plaintiff." Id. at 6 (citation omitted).

In an FLSA case for "back wage[s] or liquidated damage[s]," the Court must make a finding that any compromise settlement of the case represents "a fair and reasonable resolution of a bona fide dispute over FLSA provisions" after "scrutinizing the settlement for fairness." Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dept. of Labor, 679 F.2d 1350, 1353, 1355 (11th Cir. 1982); see also Nall v. Mal-Motels, Inc., 723 F.3d 1304, 1306 (11th Cir. 2013) (citation omitted); Silva v. Miller, 307 F. App'x 349, 351 (11th Cir. 2009).

In light of the representations made by the parties and upon review of the Motion, the Settlement Agreement, and the remainder of the file, the Court finds that the Settlement Agreement, including the award of attorney's fees and costs, represents "a fair and reasonable resolution of a bona fide dispute" over provisions of the FLSA. Lynn's Food Stores, 679 F.2d at 1355.[3]

---

[3] In reaching this conclusion, the Court recognizes that it must consider the reasonableness of any award of attorney's fees, but it is not required to conduct "an in depth analysis . . . unless the

(continued…)

In assessing the fairness of the agreement, the undersigned observes that it contains a release provision. See Settlement Agreement at 2 ¶ 4. "Courts typically disfavor general release clauses in FLSA settlement agreements." DeGraff v. SMA Behavioral Health Servs., 945 F. Supp. 2d 1324, 1329 (M.D. Fla. 2013) (citations omitted). Here, however, the release is limited to claims "which Plaintiff has, had, or may have . . . pursuant to the [FLSA], which are or could have been encompassed in th[is l]itigation." Settlement Agreement at 2-3 ¶ 4. As such, the release is distinguishable from those disfavored by courts, for it "allay[s] any concern that Plaintiff[] may be giving up an unknown, but valuable, claim that is completely unrelated to the FLSA claim, and which 'confers an undeserved and disproportionate benefit on the employer and effects an unanticipated, devastating, and unfair deprivation on the employee.'" Coleman v. Target Corp., No. 6:12-cv-1315-Orl-37GJK, 2013 WL 867891, at *6 (M.D. Fla. Mar. 1, 2013) (unpublished) (quoting Moreno v. Regions Bank, 729 F. Supp. 2d 1346, 1351 (M.D. Fla. 2010)). Accordingly, the undersigned finds that the release provision here does not undermine the fairness or reasonableness of the settlement agreement.

After due consideration, it is

**RECOMMENDED**:

---

unreasonableness [of such award] is apparent from the face of the documents." King v. My Online Neighborhood, Inc., No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007) (unpublished) (quoting Perez v. Nationwide Protective Servs., Case No. 6:05-cv-328-ORL-22JGG (M.D. Fla. Oct. 31, 2005) (unpublished)). The total fee award sought in this case is not patently unreasonable. In addition, Defendants do not contest the reasonableness of the award, so the Court has not conducted an in-depth analysis of the attorney's fees sought. Accordingly, the award of attorney's fees in this action does not reflect a determination that the hourly rate or time charged by Plaintiff's counsel constitutes a reasonable hourly rate in this or any applicable market.

1.	Joint Motion for Approval of FLSA Settlement and Dismissal of Action with Prejudice and Incorporated Memorandum of Law (Doc. No. 14) be **GRANTED to the extent** that the Court enter an Order and Stipulated Final Judgment **APPROVING** the parties' settlement agreement attached to the Motion.[4]

2.	That this case be **DISMISSED WITH PREJUDICE** and that the Clerk be directed to close the file.

**RESPECTFULLY RECOMMENDED** in Jacksonville, Florida on August 2, 2019.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

bhc
Copies to:
Counsel of Record

---

[4] This recommendation is not intended to suggest that the Court enter judgment against Defendants. Rather, this recommendation is that the Court enter a combined Order and Stipulated Final Judgment approving the parties' settlement agreement because, as stated in Lynn's Food Stores, 679 F.2d at 1355, "there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed . . . under the FLSA[] is a fair and reasonable res[o]lution of a bona fide dispute."